```
Case # : 08-90039-LTAD
Debtor.: YAKO
Judge..: LAURA TAYLOR
Chapter: AD
-----------------------------------
Filed : January 31, 2008  15:46:30
Receipt: 197173
Amount : $250.00
-----------------------------------
```

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Rita Yako, aka Rita Raffo | DEFENDANTS<br>Basil Raffo |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>James W. Beshears    (619) 233-7079<br>110 West C Street, Suite 1300, San Diego, CA 92101 | ATTORNEYS (If Known)<br>Smaha Law Group, APC<br>7860 Mission Center Ct., Ste. 100, San Diego, CA 92108 |
| PARTY (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine discharge of debt (11 U.S.C. Section 523); Objection to Discharge (11U.S.C. 727)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 200,000.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Basil Raffo | BANKRUPTCY CASE NO.<br>07-03657-JH7 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISION OFFICE || NAME OF JUDGE<br>Hargrove |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>January 31, 2008 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>James W. Beshears ||

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

```
Case # : 08-90039-LTAD
Debtor.: YAKO
Judge..: LAURA TAYLOR
Chapter: AD
------------------------------------
Filed   : January 31, 2008  15:46:30
Deputy  : T SCHMIDT
Receipt : 197173
Amount  : $250.00
------------------------------------
```

1  JAMES W. BESHEARS (SBN 89143)
   Attorney at Law
2  110 West "C" Street, Suite 1300
   San Diego, CA 92101
3  Tel: 619/233-7079
   Fax: 619/233-1018
4

5  Attorney for Rita Yako

6

7

8              UNITED STATES BANKRUPTCY COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 In re:                          ) Bankruptcy No. 07-03657-JH7
                                   )
11 BASIL RAFFO,                    ) Adv. Proc. No.
                                   )
12      Debtor.                    ) COMPLAINT TO DETERMINE
                                   ) dischargeability OF INDEBTEDNESS,
13 _____) OBJECTION TO DISCHARGE (11 U.S.C.
   RITA YAKO aka RITA RAFFO        ) §§523(a), 727)
14                                 )
        Plaintiff,                 )
15                                 )
   v.                              )
16                                 )
   BASIL RAFFO                     )
17                                 )
        Defendant.                 )
18 _____)

19      Rita Yako aka Rita Raffo, Plaintiff herein, by her undersigned counsel, alleges as follows:

20      1.    This is a core proceeding over which this Court has jurisdiction under 28 U.S.C.

21 §157(b).

22      2.    Defendant is the Debtor in this Chapter 7 case. Plaintiff is a creditor of Defendant.

23      3.    This is an adversary proceeding to determine the dischargeability of a debt under 11

24 U.S.C. §523(a), and the objection to the Defendant's discharge under 11 U.S.C. §727.

25      4.    Plaintiff and Defendant were husband and wife. They were married on May 28, 1989.

26 Their date of separation is July 16, 2006.

27 / / /

28 / / /

                                        1

1   5.   Plaintiff and Defendant, as husband and wife, accumulated a marital estate comprised of numerous parcels of real property, and numerous businesses owned through corporations, partnerships or limited liability companies.

## FIRST CLAIM FOR RELIEF

### (Intentional and Malicious Injury)

6.   Plaintiff repeats and realleges paragraphs 1 through 5, inclusive and incorporates the same herein by this reference.

7.   From the time of commencement of their marriage and continuing until separation, Defendant engaged in pattern of domestic violence towards Plaintiff comprised of physical and verbal abuse. From September 2003, such conduct occurred at least once every two to three weeks wherein Defendant did such acts as:

   (a)   Threatening to kill Plaintiff with a gun, hitting her and yelling at her to coerce her into signing title over to him, as his sole and separate property, to real property that was their marital residence commonly known as 2135 Greenwick Road, El Cajon, California. Such events occurred in September 2003.

   (b)   Regularly yelling at her, insulting her, spitting at her, threatening her, and hitting her without provocation and not in self-defense.

8.   Defendant's acts of domestic violence constitute wilful and malicious injury by the Defendant against Plaintiff, thereby causing Plaintiff damages in the sum of not less than $200,000, and such additional amounts subject to proof at the time of trial, for which Defendant is indebted to Plaintiff.

9.   The debt alleged above owed from Defendant to Plaintiff is nondischargeable under 11 U.S.C. §523(a)(6).

## SECOND CLAIM FOR RELIEF

### (Willful and Malicious Injury)

10.   Plaintiff repeats and realleges paragraphs 1 through 5, inclusive and incorporates the same herein by this reference.

///

1  11.  Since approximately January 2004, the marital relationship between Plaintiff and Defendant began to disintegrate. On or about that time, Defendant began to transfer various percentages of community property in the form of cash, property, percentages of businesses and/or by other means to the following parties: Asad Raffo, Dani Raffo, Mihklis Raffo, and Nader Matti. All of these individuals are related to the Defendant as either his brothers, a nephew, or a cousin. The business entities included interest in Singing Hills, LLC; Investment Camp, Inc., a California corporation; Investment IB, Inc., a California corporation; Bianca Enterprises, a legal entity; Matti Enterprises, a legal entity; Newton Investments, a legal entity; Reva Enterprises, a legal entity; Miramar Plaza Investment, LLC; MB Construction, a legal entity; and, Severin Construction Company, a legal entity.

12.  Plaintiff alleges, based on information and belief, that Defendant did the following:

(a)  Defendant transferred his alleged interest in Singing Hills, LLC for below fair market value and/or for no consideration and in a contravention of Automatic Restraining Orders that the Defendant had notice of.

(b)  Defendant sold his interest in Investment Capital, Inc., for below fair market value and in contravention of the Automatic Temporary Restraining Orders that Defendant had notice of.

(c)  Defendant sold, transferred or otherwise disposed of his interest in Investment IB, Inc., for below fair market value.

(d)  Defendant sold, transferred or otherwise disposed of his interest in Bianca Enterprises, for below fair market value.

(f)  Defendant sold, transferred or otherwise disposed of his interest in Matti Enterprises, for below fair market value.

(g)  Defendant sold, transferred or otherwise disposed of his interest in Newton Investments, for below fair market value.

(h)  Defendant sold, transferred or otherwise disposed of his interest in Reva Enterprises, for below fair market value.

/ / /

3

1          (i)     Defendant sold, transferred or otherwise disposed of his interest in Miramar Plaza Investment, LLC, for below fair market value.

         (j)     Defendant sold, transferred or otherwise disposed of his interest in MB Construction, for below fair market value.

         (k)     Defendant sold, transferred or otherwise disposed of his interest in Severin Construction Company, for below fair market value.

13.     Defendant's acts in wilfully selling or transferring the marital community property assets described above, and converting them for his own benefit, constitutes willful and malicious injury by the Defendant to the property of Plaintiff.

14.     By reason of Defendant's willful and malicious conduct, Plaintiff's claim for repayment of the debt found owing to her is not dischargeable in bankruptcy by operation of 11 U.S.C. §523(a)(6).

15.     By reason of Defendant's willful and malicious injury, Plaintiff is entitled to damages in the sum of not less than $200,000, and such additional sums as proven at the time of trial.

### THIRD CLAIM FOR RELIEF

**(Breach of Fiduciary Duty)**

16.     Plaintiff repeats and realleges paragraphs 1 through 5, inclusive and paragraphs 11 through 15, inclusive incorporates the same herein by this reference.

17.     Plaintiff is informed and believes that under California law, Defendant had an express fiduciary duty to not harm, dispose of, or spend the marital community property comprised of the assets listed above without the consent of Plaintiff.

18.     Defendant breached the above-described fiduciary duty by transferring the assets alleged herein, and wrongfully converting the same for his own use. Such acts constitute fraud or defalcation while acting in a fiduciary capacity, and embezzlement or larceny.

19.     By reason of the Defendant's fraud of defalcation while acting in a fiduciary capacity, and embezzlement or larceny, Plaintiff's claim for repayment of the debt found owing to her by Defendant is not dischargeable in bankruptcy by operation of 11 U.S.C. §523(a)(4).

///

20. By reason of the fraud and defalcation while acting in a fiduciary capacity, and embezzlement or larceny by Defendant, Plaintiff is entitled to damages in the sum of not less $200,000, plus such additional sums as may be proven at the time of trial.

### FOURTH CLAIM FOR RELIEF

### (Objection to Discharge)

21. Plaintiff repeats and realleges paragraphs 1 through 5, inclusive and paragraphs 11 through 20, inclusive incorporates the same herein by this reference.

22. Plaintiff objects to the discharge of the Defendant pursuant to 11 U.S.C. §727(a)(2)(A) on the grounds that within one year of filing the bankruptcy petition herein, the Debtor transferred various property described as follows:

 (a) Transferring an alleged 13.75% of shares of Investment Camp, Inc., in February 2007;

 (b) Transferring an alleged 25% interest in Singing Hills, LLC, in March 2007;

 (c) Transferring cash and other receipts from the various business entities listed herein, not disclosing them to Plaintiff, an converting them to his own use.

23. Plaintiff is informed and believes and alleges that the above-described property was transferred by the Defendant, with the intent to hinder, delay or defraud a creditor of the bankruptcy Estate, including the Plaintiff.

24. Based on the foregoing, the Defendants discharge should be denied under 11 U.S.C. §727(a)(2)(A).

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. On the First Claim for Relief against Defendant:

 (a) General damages for Plaintiff in the amount of not less than $200,000 and such additional sums as may be proven at the time of trial;

 (b) For attorney's fees and costs incurred in these proceedings, to the extent allowed by law; and

 (c) For a decree that said claim be accepted from discharge pursuant to 11 U.S.C. §523(a)(6).

|   |   |   |
|---|---|---|
| 1 | 2. | On the Second Claim for Relief against Defendant: |

        (a)     General damages for Plaintiff in the amount of not less than $200,000 and such additional sums as may be proven at the time of trial;

        (b)     For attorney's fees and costs incurred in these proceedings, to the extent allowed by law; and

        (c)     For a decree that said claim be accepted from discharge pursuant to 11 U.S.C. §523(a)(4).

       3.     On the Third Claim for Relief against Defendant:

        (a)     General damages for Plaintiff in the amount of not less than $200,000 and such additional sums as may be proven at the time of trial; and

        (b)     For attorney's fees and costs incurred in these proceedings, to the extent allowed by law;

       4.     On the Fourth Claim for Relief against Defendant:

        (a)     That Defendant's discharge be denied under 11 U.S.C. §727(a)(2)(A);

        (b)     For attorney's fees and costs incurred in these proceedings, to the extent allowed by law; and

        (c)     For such other and further relief as the Court may deem just and proper on all Claims for Relief alleged herein.

Dated: January 31, 2008

JAMES W. BESHEARS, Attorney for Rita Yako